IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BENJAMIN MACHUL,  :
    Plaintiff,  :
    v.  :    Case No. 3:16-cv-173
STATE OF MICHIGAN, et al.,  :    JUDGE WALTER H. RICE
    Defendants.  :    MAGISTRATE JUDGE MICHAEL R. MERZ

---

DECISION AND ENTRY OVERRULING PLAINTIFF BENJAMIN
MACHUL'S OBJECTIONS (DOC. #3) TO THE REPORT AND
RECOMMENDATIONS (DOC. #2) OF THE MAGISTRATE JUDGE;
ADOPTING SAID RECOMMENDATIONS IN THEIR ENTIRETY;
DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE (DOC.
#1); TERMINATION ENTRY

---

Plaintiff Benjamin Machul ("Plaintiff Machul") has filed a *pro se* complaint against Defendants State of Michigan ("State" or "State of Michigan") and a Benjamin James Machul ("Defendant Machul"). Doc. #1, ¶¶ 4-6, PAGEID #2. Plaintiff Machul's complaint was referred to Magistrate Judge Michael R. Merz "for initial screening upon filing." Doc. #2, PAGEID #11. On May 6, 2016, the Magistrate Judge issued a Report and Recommendations, recommending that the complaint be dismissed without prejudice for lack of subject matter jurisdiction. Doc. #2, PAGEID #13.[1] On May 23,

---

[1] The Report and Recommendations was limited to Plaintiff Machul's claims against the State of Michigan. While not discussed by the Magistrate Judge, no reasonable reading of Plaintiff Machul's complaint permits a reasonable identification of Defendant Machul, much less any actions that Defendant Machul supposedly undertook, such that this Court would have jurisdiction over his claims against Defendant Machul. Plaintiff Machul has not met his burden to show that the Court has jurisdiction. *Global Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015) ("the

2016, Plaintiff Machul filed Objections to the Report and Recommendations. Doc. #3. Neither the State of Michigan nor Defendant Machul filed a memorandum *contra*.

Pending before this Court, pursuant to Fed. R. Civ. P. 72(b), are the Report and Recommendations, and Plaintiff Machul's Objections thereto. Based upon the reasoning and citations set forth in the Report and Recommendations, as well as upon a thorough *de novo* review of Plaintiff Machul's memorandum and the applicable law, this Court ADOPTS the Report and Recommendations in their entirety, OVERRULES Plaintiff Machul's Objections and DISMISSES Plaintiff Machul's complaint without prejudice.

I. **REPORT AND RECOMMENDATIONS AND PLAINTIFF MACHUL'S OBJECTIONS**

Noting Plaintiff Machul's assertion that "this Court has jurisdiction under the Declaratory Judgment Act, Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 and 2202," the Magistrate Judge concluded "that Petitioner seeks an order directed to the State of Michigan clarifying Petitioner's 'legal relationship' with 'Benjamin James Machul.'" Doc. #2, PAGEID #11 (citing Doc. #1, ¶ 7, PAGEID #2). The Magistrate Judge noted that the Declaratory Judgment Act and the Federal Rules of Civil Procedure do not themselves confer subject matter jurisdiction. *Id*. Rather, they serve as means of relief and the rules for litigation, respectively, for "those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress." *Id*., PAGEID #12 (citing *Finley v. United States*, 490 U.S.

---

party invoking federal jurisdiction has the burden to prove that jurisdiction."). Accordingly, the Court dismisses Plaintiff Machul's claims against Defendant Machul without prejudice.

2

545, 550, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), *Aldinger v. Howard*, 427 U.S. 1, 15 (1976)).² Further, the Magistrate Judge noted, a suit against the State of Michigan in this Court is barred by the Eleventh Amendment to the U.S. Constitution. *Id*. (citing U.S. Const. amend. XI; *Papasan v. Allain*, 478 U.S. 265, 276, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). As the Magistrate Judge concluded that the Court lacked subject matter jurisdiction, he recommended that Plaintiff Machul's complaint be dismissed without prejudice. *Id*., PAGEID #13.

Plaintiff Machul raises three objections to the Report and Recommendations. In his first objection, Plaintiff Machul claims that the purpose of his complaint was not to clarify his legal relationship with Defendant Machul, but rather, to "seek[] lawful remedy in this Court because the State of Michigan failed to acknowledge . . . the State's unlawful fraud(s) associated with birth name and process." Doc. #3, PAGEID #14. Plaintiff Machul's objection is unavailing for two reasons. First, Plaintiff Machul's complaint purported to seek declaratory relief and was entitled "Petition for Declaratory Judgment," Doc. #1, and the "lawful relief," *i.e.*, money damages he claims to be seeking in his objections, is not declaratory in nature. Second, even assuming *arguendo* that the relief sought was proper in general, it could never be proper as against the State of Michigan, as the Eleventh Amendment precludes Plaintiff Machul from suing the State in this Court. U.S. Const. amend. XI.

Plaintiff Machul's second and third objections are related. In the second objection, Plaintiff Machul claims that subject matter jurisdiction exists because the State of Michigan violated his rights under the First, Fourth, Fifth and Thirteenth

---

² Both *Finley* and *Aldinger* were superseded by statute on other grounds, as stated in *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005).

Amendments to the U.S. Constitution. Doc. #3, PAGEID #15. Even if Plaintiff Machul had plausibly alleged constitutional violations, however, the Eleventh Amendment still prohibits him from bringing a claim against the State of Michigan in this Court. Thus, the Magistrate Judge's statement regarding the Eleventh Amendment is not, as Plaintiff Machul claims in his third objection, "moot and irrelevant," *id.*; rather, it is highly relevant and dispositive—this Court does not, and can never, have jurisdiction over Plaintiff Machul's claims against the State of Michigan. Accordingly, Plaintiff Machul's claims are dismissed without prejudice; however, Plaintiff Machul may not bring any amended complaint against the State in this Court.[3]

## II. CONCLUSION

For the foregoing reasons, the Court ADOPTS in its entirety the Report and Recommendations, Doc. #2, and OVERRULES Plaintiff Machul's Objections thereto. Doc. #3. Plaintiff Machul's complaint, Doc. #1, is DISMISSED without prejudice.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

---

[3] In his Objections to the Report and Recommendations, Plaintiff Machul states that his previous suit against the State of Michigan, which he filed in the Michigan Court of Claims, was "dismissed and closed." Doc. #3, PAGEID #16. Thus, *res judicata* may bar Plaintiff Machul from renewing his claims against the State of Michigan. However, the Court declines to hold that, as a matter of law, Plaintiff Machul is barred from bringing his claims in the appropriate state court.

4

Date: August 3, 2016

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

5